NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                            :
VICENTE FRANCO ESCALERA,    :
                            :
               Petitioner,  :    Civil No. 12-0970 (RBK)
                            :
         v.                 :
                            :
DONNA ZICKEFOOSE,           :    OPINION
                            :
               Respondent.  :
_____:
```

**APPEARANCES:**

Vicente Franco Escalera, Pro Se
12712-111
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

John Andrew Ruymann
Office of the US Attorney
402 East State Street
Trenton, NJ 08608
Attorney for Respondent

**KUGLER, District Judge**

    Vicente Franco Escalera ("Petitioner"), an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss in response (docket entry 8). For the following reasons, this Court will grant the motion and dismiss the petition for lack

of jurisdiction, without prejudice to any right Petitioner may have to assert his claim in a properly filed action of the kind authorized by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

## BACKGROUND

Petitioner is currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. Petitioner asserts that his request to be transferred to a facility in California to be closer to his family is being denied based on his immigration detainer. He argues that the Bureau of Prisons' policy of denying transfers to prisoners who are under immigration detainers violates his due process and equal protection rights. Petitioner requests that the Bureau of Prisons transfer him to a facility near his family as soon as possible. He also complains of the general treatment of prisoners with immigration detainers by the Bureau of Prisons, seeking declaratory and injunctive relief.

## DISCUSSION

Section 2241 provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless ... He is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court, the

---

[1] This Court has not evaluated the merits of any potential *Bivens* claim.

petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485–486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976).

In *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243–44 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC"), pursuant to a federal regulation. In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from a garden variety prison transfer:

3

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.

*Woodall*, 432 F.3d at 243.

Unlike Woodall, Petitioner in this case challenges the failure to transfer him from Fort Dix to a facility in California. However, "habeas corpus cannot be used to challenge a transfer between prisons ... unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about ... a quantum change in the level of custody." *Ganim v. Federal Bureau of Prisons*, 235 F. App'x. 882, 884 (3d Cir. 2007) (quoting *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999)). Applying *Woodall*, the United States Court of Appeals for the Third Circuit held in *Ganim v. BOP* that Ganim's challenge to the BOP's failure to transfer him from FCI Fort Dix to the Federal Correctional Camp at Otisville, New York, was not cognizable under § 2241 and that this Court erred by failing to dismiss Ganim's § 2241 petition for lack of jurisdiction.

Similarly, this Court finds that it lacks jurisdiction to entertain Petitioner's challenge to the failure to transfer him from Fort Dix to a facility in California under 28 U.S.C. § 2241, and will dismiss the action, without prejudice to the filing of a civil rights

4

action of the kind authorized by *Bivens*, *supra*. *See Ganim*, 235 F. App'x. at 884 (vacating District Court's order denying § 2241 petition on merits and remanding with instruction to dismiss the petition for lack of jurisdiction); *see also Levi v. Ebbert*, 353 F. App'x. 681, 682 (3d Cir. 2009) ("We agree with the District Court that Levi's claims concerning the determination of his custody level do not lie at the "core of habeas" and, therefore, are not cognizable in a § 2241 petition.... None of his claims challenge the fact or length of his sentence or confinement" (internal citations omitted)); *Cohen v. Lappin*, 402 F. App'x. 674, 676 (3d Cir. 2010) ("... Cohen's challenge to his security designation and custody classification [do not challenge the basic fact or duration of his imprisonment] ... In the absence of the type of change in custody level at issue in *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), such an objection is simply not a proper challenge to the 'execution' of a sentence cognizable in a § 2241 proceeding.")

## CONCLUSION

For the reasons stated above, Respondent's motion to dismiss is granted, and the petition is hereby dismissed for lack of jurisdiction, without prejudice to the filing of a civil action, if Petitioner so chooses.

                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge

Dated:  January 8, 2013